UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEREMY SCOTT MERITHEW,

     *Plaintiff*,

v.

GRETCHEN WHITMER,
and JOE GASPER,

     *Defendants*.
_____/

CASE NO. 1:19-cv-10140
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

# REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS COMPLAINT

### I.    RECOMMENDATION

For the reasons below, **IT IS RECOMMENDED** that the Complaint be **DISMISSED** in its entirety for failure to state claims upon which relief can be granted.

### II.    REPORT

#### A.    Introduction

On January 9, 2019, Plaintiff filed a complaint alleging that various sections of the Michigan Sexual Offender Registration Act and their application to him violate the U.S. Constitution, presumably by way of 42 U.S.C. § 1983. (R. 1). He has been granted permission to proceed *in forma pauperis* (IFP), (R. 6); his case has been referred to the undersigned for all pretrial matters, (R. 5), and is ready for screening.

#### B.    Screening Procedure & Governing Law

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic

incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), that requires the Court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In

2

addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

### C. Analysis & Conclusions

Plaintiff's complaint alleges that he "has been unlawfully forced to register on the Michigan Sex Offender Registry (SORA). This was due [t]o misapplication of the law." (R.1 at PageID.6.) In his prayer for relief, Plaintiff states that he "is being subjected to the unconstitutional realities of the Michigan Sex offender Registry and asks the Court to remove his name from the registry, for the court to expunge his record of three convictions in this case, or for Governor Whitmer to pardon him of these convictions." (R.1 at PageID.7.)

Plaintiff states he was convicted, after jury trial, of two counts of AIDS penetration with an uninformed partner and one count of using a computer to commit a crime under Michigan law, Mich. Comp. Laws §§ 333.5210 and 750.145(d). (R.1 at PageID.11, 14.) Plaintiff was sentenced to 56 months incarceration and was ordered to register as a sex offender under SORA, Mich. Comp. Laws § 28.722. (R.1 at PageID.13.)

> Plaintiff clarifies that
>
> [b]y convicting Plaintiff under M.C.L. 333.5210 and sentencing him to prison, the State of Michigan is in violation of 1) the Due Process and Equal Protection Clause, 2) in violation of Plaintiff's Right to Free Speech and Right to Privacy. As a result of this conviction, the Plaintiff is still suffering the harsh realities of the conditions of his parole by being ordered to register under the Michigan SORA.

(R. 1, PageID.12.) Plaintiff also contends that

> [d]ue to the misapplication of the Michigan SORA and due to the nature of this law, the State of Michigan is also 3) in violation of the Due Process Clause for labelling him as a sexual delinquent person, 4) [i]n violation of Plaintiff's right to free speech as protected by the First Amendment incorporated through the Fourteenth Amendment, 6) in violation of principles of fundamental fairness, 7) in violation of the Due Process Clause because certain provisions of Michigan SORA are vague, impossible to comply with, or wrongfully impose strict liability.

(*Id.*) Plaintiff's claims are based on the argument that the state circuit court judge "misapplied" a subsection of SORA that should apply only to minor victims even though the victim in Plaintiff's case was thirty-one years old. (R.1 at PageID.14.) Plaintiff unsuccessfully challenged this finding in state court. (R.1 at PageID.15.)

Plaintiff challenges the legitimacy of the statute criminalizing penetration by a person with AIDS where the sexual partner was uninformed of his status as HIV positive, MCL 333.5210, since medical science has progressed such that AIDS is no longer a death sentence and that someone like Plaintiff who has an "undetectable viral load" is "unable to transmit HIV[.]" (R.1 at PageID.17.) Lacking the ability to transmit HIV, Plaintiff further argues that he lacks the mental intent needed to commit the crime under Mich. Comp. Laws § 333.5210. (*Id.*)

Plaintiff also cites *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), *reh'g denied* (Sept. 15, 2016), but he does not even argue that any of the provisions struck down in that case have affected him at all. (R.1 at PageID.31.) Instead, he refocuses on the fact that "[m]uch knowledge has been gained since Michigan passed M.C.L. 333.5210" and that "there is a new viral class of HIV patients who are non-infectious" for which Mich. Comp. Laws § 333.5210 "was not narrowly tailored enough to exclude those who cannot transmit

4

HIV sexually, therefore, this law is in Violation of the Due Process Clause [and] [t]his law is also in violation of an individual's right to free speech and privacy." (R.1 at PageID.32.) Plaintiff failed to cite any case law supporting his contention that Mich. Comp. Laws § 333.5210 is unconstitutional and research has revealed none. Although the topic has captured some discussion in law review articles, *e.g.*, Tim Martin, Note, *Judging HIV Criminalization: Failures of Judges and Commentators to Engage with Public Health Knowledge and HIV-Positive Perspectives*, 4 U.C. Irvine L. Rev. 493 (2014), Plaintiff's perspective has not yet attained any precedential support.

> Plaintiff then repeats his requested relief:
>
> Due to these constitutional violations, Mr. Merithew asks that this Court order that he be removed from the Michigan SORA and permitted to use a computer for educational and professional purposes. He also asks that he be released from the electronic monitoring device which is a condition of his parole due to misapplication of the Michigan SORA. He asks that any fines that result due to the electronic monitoring device be ordered to be null and void. He also asks that the Court order that any records related to his Sex Offender Registration, including but not limited to the Michigan State Police, the U.S. Department of Justice's National Sex Offender Registry, and the Crawford County and Grand Rapids Police Departments be destroyed. He also asks for the Court to expunge his record of three felonies or for Governor Whitmer to pardon him of these convictions.

(R.1 at PageID.32-33.)

This Court cannot grant Plaintiff any of the relief he requests. Pursuant to the *Rooker-Feldman* doctrine, this Court has no power to overturn state court judgments. The Sixth Circuit has explained the foundation of the *Rooker-Feldman* doctrine as follows:

> The doctrine originates from two Supreme Court decisions, which were rendered 60 years apart. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In both cases the plaintiffs challenged the validity of state court decisions by filing

5

> suit in federal district court. In *Rooker*, the plaintiff asked the district court to render the state court judgment against him "null and void." *See Rooker*, 263 U.S. at 414-15. In *Feldman*, the plaintiffs filed suit against the actual state court that had rejected the plaintiffs' applications to practice law. *Feldman*, 460 U.S. at 478-79. In both cases the Supreme Court dismissed the suits for lack of subject-matter jurisdiction, reasoning that pursuant to 28 U.S.C. § 1257, only the Supreme Court, and not the lower federal courts, enjoys appellate jurisdiction over state court decisions. *See Rooker*, 263 U.S. at 414-15; *Feldman*, 460 U.S. at 478-79.

*Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006). Lower federal courts also lack jurisdiction to review any federal claims that are "inextricably intertwined" with a state court's decision. *See Feldman*, 460 U.S. at 486-87. A plaintiff's federal claim is inextricably intertwined if the claim can succeed only to the extent that the state court wrongly decided the issues before it. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) ("'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'") (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990)).

Here, Plaintiff's claims all center around and ask the Court to find that the state court wrongly applied a sentencing factor that should only apply where the victim is a minor even though the victim in this case was thirty-one years old, and wrongly convicted him under Mich. Comp. Laws § 333.5210 because that statute is unconstitutional as applied to Plaintiff, who has an "undetectable viral load" and thus is "unable to transmit HIV[.]" (R.1 at PageID.17.) In essence, he asks the Court to review and unravel the state court judgment—even his constitutional argument focuses on the statute's application in his particular case, specifically to the fact that he has an "undetectable viral load" and is "non-

6

infectious." (R. 1 at PageID.18.) *See Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) ("To the extent Plaintiffs seek a declaration that the Statute is unconstitutional as applied in the prior state court proceeding and relieving them from that judgment, the District Court correctly ruled that *Rooker–Feldman* bars their as-applied challenge to the Statute."); *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002) (noting that constitutional challenges centered on the "'plaintiff's particular case'" are barred, but not general challenges to a state law's constitutionality (citation omitted)). Therefore, I suggest that Plaintiff's requests for relief are unavailing under the *Rooker-Feldman* doctrine.

I further suggest that Plaintiff is barred from obtaining damages by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Generally, suits challenging the fact or duration of confinement must be brought under the habeas corpus statutes and not § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). In *Heck v. Humphrey*, however, the U.S. Supreme Court considered whether this rule should be modified where a prisoner does not seek release but instead seeks an award of monetary damages. The Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87.

This "favorable termination" rule bars § 1983 claims that "would necessarily imply the invalidity" of a prior conviction or sentence that has not been overturned. *Id.* at 487. However, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity

of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (emphasis in original). The favorable termination rule "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.* at 490, n.10; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). In addition, challenges based on procedural defects rather than erroneous results are also subject to the limitation announced in *Heck. Edwards v. Balisok*, 520 U.S. 641, 648, (1997) (if established, procedural defect would imply the invalidity of the deprivation of good-time credits and thus, was *Heck*-barred).

Here, Plaintiff's complaint alleges that his conviction and sentencing were fraught with erroneous results and he asks this Court to overturn those results. Unfortunately for Plaintiff, his claims for damages are *Heck*-barred.

Accordingly, I recommend that Plaintiff's Complaint be dismissed in its entirety and the case dismissed.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140, 155; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991); United

States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 22, 2019                         S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Jeremy Scott Merithew at 9476 Elisabeth St., Grayling, MI 49738.

Date: February 22, 2019                          By s/Kristen Castaneda
                                                 Case Manager

9