UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEREMY SCOTT MERITHEW,

        Plaintiff,                    Case. No. 19-cv-10140

v.                                          Honorable Thomas L. Ludington
                                          Mag. Judge Patricia T. Morris

GRETCHEN WHITMER, JOE GASPER

        Defendants
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT**

On January 9, 2019, Plaintiff filed a complaint alleging that various sections of the Michigan Sexual Offender Registration Act and their application to him violate the U.S. Constitution. ECF No. 1. Plaintiff seeks the following relief:

> That this Court order that he be removed from the Michigan SORA and permitted to use a computer for educational and professional purposes. He also asks that he be released from the electronic monitoring device which is a condition of his parole due to misapplication of the Michigan SORA. He asks that any fines that result due to the electronic monitoring device be ordered to be null and void. He also asks that the Court order that any records related to his Sex Offender Registration, including but not limited to the Michigan State Police, the U.S. Department of Justice's National Sex Offender Registry, and the Crawford County and Grand Rapids Police Departments be destroyed. He also asks for the Court to expunge his record of three felonies or for Governor Whitmer to pardon him of these convictions.

(R.1 at PageID.32-33.) Plaintiff was granted permission to proceed *in forma pauperis*. ECF No. 6. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's complaint is subject to *sua sponte* screening and dismissal if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 5. On February 22, 2019, Judge Morris issued a report recommending that the complaint be dismissed pursuant to the *Rooker-Feldman* doctrine because Plaintiff asks the Court to sit in review of and/or overturn a state court judgment. Rep. & Rec. at 6 (citing *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006)). Judge Morris also reasoned that "generally, suits challenging the fact or duration of confinement must be brought under the habeas corpus statutes and not § 1983." *Id.* at 7. Judge Morris further explained that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars § 1983 claims where the success of the claim would "necessarily imply the invalidity" of a prior conviction/sentence that has not been overturned.[1] *Id.* at 7. On March 5, 2019, Plaintiff filed timely objections. ECF No. 8.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

---

[1] Judge Morris further explained that this rule "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.*

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**II**.

Plaintiff's first objection states that "Since plaintiff's case is being dismissed pursuant to the Rooker-Feldman doctrine, he will reframe his argument and ask the Court to declare Mich. Comp. Law 333.5210 unconstitutional." Obj. at 1. Plaintiff's second objection states that "Since the plaintiff failed to argue that any of the provisions struck down in *Doe v. Snyder*, 834 F.3d 696 (6th Cir. 2016) applied to his case, he will reframe his argument asking the Court to declare the Michigan Sex Offender Registry unconstitutional." Obj. at 14. Finally, in objection three, "the plaintiff prays that the information provided above will not disqualify him due to *Heck v. Humphrey* . . . since he is no longer asking for this Court to reverse the decision made by the 17th Cir. Crt. Instead, he is asking for the Court to declare Mich. Comp. Law 333.5210 unconstitutional." Obj. at 20. Plaintiff's attempt to reframe his complaint is not a cognizable

objection to the report & recommendation. *See Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 959 (6th Cir. 2018); *Marshall v. Chater*, 75 F.3d. 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's report and recommendation are deemed waived.").

### III.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 8, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 7, is **ADOPTED**.

It is further **ORDERED** that the complaint, ECF No. 1, is **DISMISSED** with prejudice.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 15, 2019

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Jeremy Scott Merithew,** 9476 Elisabeth St., Grayling, MI 49738 by first class U.S. mail on March 15, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager